UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ALLEN R.[1], | ) |
|     Plaintiff, | ) ) ) |
| v. | )   CIVIL NO. 3:20cv730 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
|     Defendant. | ) ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for a period of disability and Disability Insurance Benefits (DIB) as provided for in the Social Security Act. 42 U.S.C. § 423(a), § 1382c(a)(3). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

---

[1] To protect privacy, Plaintiff's full name will not be used in this Order.

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings. *Scott v. Astrue*, 734, 739 (7th Cir. 2011); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see also Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Appeals Council made the following findings:

1. The claimant met the special earnings requirements of the Act on May 31, 2016, the date the claimant stated he became unable to work and continues to meet them through December 31, 2020. The claimant has not engaged in substantial gainful

2

      activity since May 31, 2016 (20 CFR 404.1571 et seq.).

2.     The claimant has the following severe impairments: schizoaffective disorder, bipolar disorder, and history of traumatic brain injury (20 CFR 404.1520(c)).

3.     The claimant does not have an impairment or combination of impairments which is listed in, or which is medically equal to an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

4.     The claimant's combination of impairments results in the following limitations on his ability to perform work-related activities: medium work as defined in 20 CFR404.1567(c), except no climbing of ladders, ropes or scaffolds; frequent climbing of ramps or stairs; frequent balancing, stooping, crouching, kneeling, and crawling; no work at unprotected heights or work around hazardous machinery; and concentrated exposure to vibration. The claimant is limited to simple routine work; no work with the general public as part of routine job duties/ occasional work with co-workers and supervisors; no fast-paced production such as assembly line or work where machine sets the pace, work is of a variable rate; no strict production, hourly requirements, end of day work goals; no tandem work.

5.     The claimant's alleged symptoms are not consistent with and supported by the evidence of record for the reasons identified in the body of this decision (20 CFR 404.1529 and Social Security Ruling 16-3p).

6.     The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7.     The claimant was born on November 21, 1979 and was a younger individual age 18-49 during the period under consideration beginning May 31, 2016 through February 27, 2019 (20 CFR 404.1563).

8.     The claimant has at least a high school education (20 CFR 404.1564).

9.     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See Social Security Ruling 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

11.    The claimant was not disabled, as defined in the Social Security Act, at any time from May 31, 2016, the alleged onset date, through February 27, 2019, the date of

the hearing decision.
(R. 10-11).

Based upon these findings, the Appeals Council determined that Plaintiff was not entitled to disability benefits. This appeal followed.

Plaintiff filed his opening brief on May 12, 2021. On June 23, 2021, the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on July 28, 2021. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be affirmed.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the decision to deny benefits, it is clear that step five was the determinative inquiry.

Plaintiff filed an application for benefits on July 6, 2016. alleging that he became disabled on May 31, 2016 because of schizoaffective disorder; arthritis in the right knee, left ankle, and

4

neck; and pain in the lower back, neck, legs, and right ribs.

After an in-person hearing at which Plaintiff (represented by an attorney) and a vocational expert appeared and testified, an administrative law judge (ALJ) found that Plaintiff was not disabled at any time from his alleged onset date through the date of the ALJ's February 27, 2019 decision (Tr. 25 - 37).

The Appeals Council granted Plaintiff's request for review of the ALJ's decision, because the ALJ neglected to consider evidence from Hassan Arif, M.D., that Plaintiff had submitted fewer than five business days before the ALJ hearing (Tr. 231 - 36). The Appeals Council issued its own decision in which it found good cause to admit the evidence from Dr. Arif into the record (at Exhibit 11F) and explained why that evidence did not change the result of the ALJ's decision (Tr. 8). The Appeals Council also adopted the ALJ's findings and conclusion that Plaintiff was not disabled (Tr. 7, 8 - 11). The Appeals Council's decision is the Commissioner's final decision for purposes of judicial review. 20 C.F.R. § 404.981.

Plaintiff presents three main arguments in support of remand. Plaintiff contends that the Appeals Council erred by: (1) adopting the ALJ's RFC; (2) relying on the ALJ's assessment of the effects of Plaintiff's moderate limitations in concentration, persistence, or pace (CPP); and (3) not finding that treatment records from 2011 at Texoma Medical Center would change the outcome of the ALJ's decision.

The ALJ found at step two of the sequential evaluation that schizoaffective disorder, bipolar type; and history of traumatic brain injury (by report) were severe impairments (Tr. 27). Although the file did not contain any records of treatment during the relevant time period for a traumatic brain injury Plaintiff had sustained in 2011 after falling off a church roof, the ALJ

5

determined that the history of that injury warranted a reduction in the physical RFC (Tr. 34). Specifically, the ALJ limited Plaintiff to medium work with no climbing of ladders, ropes or scaffolds; only frequent climbing of ramps or stairs; only frequent balancing, stooping, crouching, kneeling, crawling; no work at unprotected heights or work around hazardous machinery; and no concentrated exposure to vibration (Tr. 34).

With respect to Plaintiff's alleged mental impairments, the ALJ noted that the file did not contain any cognitive deficit testing results; that Plaintiff's symptoms have been stable with medication and treatment; and that he had not had any psychological hospital admissions (Tr. 34 - 35). The ALJ stated she was giving significant weight to the opinion of Kelly Smith, N.P., who opined that Plaintiff could perform simple, repetitive tasks (Tr. 35, 369). Consistent with Ms. Smith's statement, the ALJ limited Plaintiff to simple, routine work (Tr. 30). In addition, the ALJ found that Plaintiff could perform no work with the general public as part of routine job duties, but could perform occasional work with co-workers and supervisors (Tr. 30). Plaintiff could not perform any fast-paced production such as assembly line work or work where the machine sets the pace or where work is of a variable rate; no strict production or hourly requirements; no end of workday goals; and no tandem work (Tr. 30). The ALJ considered and addressed the evidence that supported these limitations (Tr. 30 - 35).

Plaintiff complains that "not a single item" of his treatment with his own doctors was submitted into the record at the time the State agency medical consultants reviewed the record. However, it is well-established that the claimant must prove that he is disabled and that he must inform the agency of or submit all known evidence that relates to whether he is disabled. 20 C.F.R. § 404.1512(a). This duty is ongoing and applies at every level of administrative review. *Id.*

6

*Eichstadt v. Astrue*, 534 F.3d 663, 668 (7th Cir. 2008) (noting that the claimant bears the burden of producing medical evidence sufficient to support a claim of disability). Plaintiff does not identify any evidence that he informed the agency about, or asked the agency to obtain, but which the agency failed to obtain. As such, his complaint about the timing of the evidence submission fails to establish agency error.

Plaintiff also points to the immediate aftermath of his 2011 accident, noting the extensive speech therapy and physical rehabilitation he underwent. But Plaintiff ignores the fact that the ALJ imposed the multiple physical limitations discussed above solely based on the history of that injury. Additionally, as the ALJ noted, Plaintiff recovered sufficiently to be able to return to work after his 2011 accident. The ALJ also noted that Plaintiff's right shoulder pain resolved a couple of days after seeking treatment (Tr. 27). Also, Plaintiff's 2011 cervical injury was treated and resolved prior to the alleged onset date (Tr. 27). The ALJ considered Plaintiff's testimony about neck stiffness and noted that Plaintiff did not receive any treatment for it during the period at issue (Tr. 27). The ALJ also explained why Plaintiff's alleged back impairment was not severe (Tr. 28).

Plaintiff contends that the agency should have sent his later-submitted treatment records for review by an expert. However, the ALJ fulfilled her duty under the regulations to evaluate and weigh the relevant evidence of record and then to formulate an RFC that accounted for the limitations that Plaintiff's impairments imposed upon him during the period at issue.

Plaintiff argues that experts and this court might disagree with the ALJ's assessment of the evidence as it relates to both his mental and his physical impairments. However, the relevant standard this Court must use to evaluate the ALJ's decision is that of substantial evidence and this Court must uphold that decision if it is supported by substantial evidence. Under the applicable

7

substantial evidence standard of review, an "agency's findings of facts are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Nasrallah v. Barr*, 140, S. Ct. 1683, 1692 (2020). Here, the ALJ evaluated the evidence and her conclusion is supported by substantial evidence. Accordingly, there is no basis for remand on this issue.

Next, Plaintiff argus that the ALJ erred in her assessment of Plaintiff's asserted problems with CPP. Giving Plaintiff the benefit of the doubt, the ALJ found that Plaintiff had moderate limitations in CPP (Tr. 29). The ALJ acknowledged Plaintiff's complaint of difficulty focusing and having verbal conversations, and that Plaintiff reported setting alarms on his phone to remember to complete tasks (Tr. 29). The ALJ also considered Plaintiff's complaint that he easily gets distracted by sounds or other people (Tr. 31). However, as the ALJ noted, Plaintiff said he could read, write books, compose music, pay bills, and use a checkbook—all of which require concentration (Tr. 29). The ALJ correctly noted that the record did not show much mention of distractibility and/or an inability to complete testing that assesses concentration and attention (Tr. 29).

In addition to limiting Plaintiff to simple, routine work, the ALJ also included in the RFC limitations against fast-paced production, such as assembly line work or work where the machine sets the pace (Tr. 30). Also, the ALJ limited Plaintiff to no work of a variable rate, no work with strict production requirements, hourly requirements, or end of day goals, and no tandem work (Tr. 30). Thus, the ALJ imposed multiple limitations to accommodate Plaintiff's moderate limitations in CPP.

Plaintiff objects to the ALJ's limitation to simple work, and asserts that merely considering the complexity of work is insufficient to accommodate Plaintiff's moderate limitations in CPP.

8

However, Plaintiff overlooks the rest of the mental RFC discussed above —notably the multiple limitations having to do with the production requirements and the prohibition against tandem work (Tr. 30). Thus, his argument fails.

Plaintiff points to the effects on his concentration resulting from his 2011 traumatic brain injury. However, as the ALJ noted, those effects were not so profound as to prevent Plaintiff from returning to work (Tr. 30). In addition, the ALJ specifically told the vocational expert that Plaintiff had moderate limitations in CPP, and she presented all the limitations to the vocational expert that the ALJ ultimately included in the RFC (Tr. 30, 91). Plaintiff's argument that the ALJ erred is incorrect and does not provide a basis for remand.

Next, as noted, Plaintiff submitted additional records from the Texoma Medical Center. Subject to the good cause requirements (set forth in 20 C.F.R. § 404.970(b)), the Appeals Council will review a case if a claimant submits additional evidence that is new, material, and relates to the period on or before the date of the ALJ's hearing decision; and if there is a reasonable probability that the additional evidence would change the outcome of the decision. *See* 20 C.F.R. § 404.970(a)(5).

Here, the Appeals Council granted review to address the evidence from Dr. Arif. However, Plaintiff also submitted to the Appeals Council approximately 23 pages of medical evidence from Texoma Medical Center dated between October 27 and December 27, 2011 (Tr. 7, 42-63). Consistent with the instructions in HALLEX § I-3-5-20 (C)(4), the Appeals Council identified in its decision the evidence at issue by source, date range, and number of pages (Tr. 7). Notably, this evidence pre-dates by over four years the adjudicative period at issue in this case, which began on May 31, 2016 (the alleged onset date).

9

The Appeals Council reviewed the Texoma evidence, and stated in its decision that the evidence did not show a reasonable probability that it would change the outcome of the ALJ's decision (Tr. 7). The Appeals Council's statement is consistent with HALLEX § I-3-5-20 (C)(4), which instructs the adjudicator to include in the denial notice the reason that the evidence does not provide a basis for granting review. The fourth bullet in this section states: "[w]e find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." Here, the Appeals Council granted review for other reasons, and did not issue a denial notice. Thus, the Appeals Council explained in its decision that it did not make this evidence an exhibit—consistent with the "NOTE" accompanying HALLEX § I-3-5-20(A), which provides that the Appeals Council will only exhibit evidence that meets the requirements of 20 C.F.R. § 404.970 (a)(5)-(b). Therefore, the Appeals Council correctly followed agency regulations and sub-regulatory policy when reviewing the 2011 evidence from Texoma and when explaining its conclusions.

Plaintiff's argument about the Appeals Council's treatment of the Texoma evidence incorrectly refers to the "content of records submitted by Plaintiff regarding the adjudicative period". Plaintiff's entire argument about the Texoma evidence rests on an incorrect premise. As noted above, the records at issue predate by over four years, and thus, do not pertain to the adjudicative period in this case. These records do not reflect Plaintiff's condition as it existed during the adjudicative period.

The cases Plaintiff cites in support of his argument that the Appeals Council erred with respect to the Texoma records are inapposite, because in those cases, the additional evidence at issue did relate to the respective adjudicative periods. In *Perkins v. Chater*, 107 F.3d 1290, 1294

10

(7th Cir. 1997), the plaintiff alleged disability beginning on December 2, 1987, and submitted additional evidence dated March 19, 1993—evidence that the Court specifically stated "related to the proper time period." In *Stepp v. Colvin*, 795 F.3d 711 (7th Cir. 2015), the plaintiff alleged disability beginning on November 18, 2009, and submitted additional evidence from late 2011. This additional evidence was dated just before the ALJ issued the decision, "toward the end of the adjudicative period" the Court stated. *Id*. at 717. Similarly, in *Farrell v. Astrue*, 692 F.3d 767 (7th Cir. 2012), the plaintiff alleged disability beginning in November 2003. The file contained records from 2005 and 2006 showing a "possible" fibromyalgia diagnosis. *Id*. at 771. The plaintiff then submitted to the Appeals Council additional evidence from December 2008 showing the fibromyalgia diagnosis confirmed. *Id*. As with *Perkins* and *Stepp*, the evidence at issue in *Farrell* related to the adjudicative period. Thus, contrary to Plaintiff's claims, none of these cases controls the outcome here.

Plaintiff contends that the ALJ downplayed the fact that he had a traumatic brain injury. The plain language of the ALJ's decision reveals that this assertion is untrue. As explained above, the ALJ gave Plaintiff the benefit of the doubt even without having seen the 2011 records by finding the traumatic brain injury to be a severe impairment at step two, and by incorporating into the RFC multiple limitations to accommodate that impairment. What Plaintiff characterizes as "relevant evidence" actually only reflects Plaintiff's condition in 2011—before his subsequent return to work, and before his alleged onset of disability in 2016. As the ALJ's decision reveals, she properly evaluated the evidence of record that pertained to the adjudicative period before her. Thus, there is no basis for remand.

11

Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby AFFIRMED.

Entered: August 2, 2021.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court